**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

**RUDY JOUVERT,**
**a/k/a Rudolpho Errique Jouvert,**

                               **Plaintiff,**

          **-v.-**                                    **9:10-CV-0930**
                                                      **(MAD/CFH)**

**NEW YORK STATE; ANDREW CUOMO,** Attorney
General, State of New York**; KAREN BELLAMY,** Director of
Inmate Grievance Program**; DALE ARTUS,** Superintendent,
Clinton Correctional Facility**; R. MULLER,** C.O., Clinton
Correctional Facility**; D. MENARD,** Sgt., Clinton Correctional
Facility**; J. FARRELL,** C.O., Clinton Correctional Facility;
**and MILLER,** Lieutenant, Clinton Correctional Facility,

                               **Defendants.**

**APPEARANCES:**                          **OF COUNSEL:**

**RUDY JOUVERT,**
  a/k/a Rudolpho Errique Jouvert
129 W. 170th Street, Apt. 3A
Bronx, New York 10452
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**        **C. HARRIS DAGUE, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**MAE A. D'AGOSTINO, United States District Judge**

## DECISION and ORDER

### I. BACKGROUND

Plaintiff *pro se* Rudy Jouvert, formerly an inmate in the custody of the New York State

Department of Corrections and Community Supervision ("DOCCS"), brings this action against

New York State, the former Attorney General for New York State, and six DOCCS employees,

alleging violations of the Civil Rights Act, 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc-1 *et seq.* ("RLUIPA"), the New York State Constitution, and New York State Correction Law. *See generally* Dkt. No. 1. Plaintiff contends that Defendants deprived him of his statutory rights to religious freedom, as well as his constitutional rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. *See id.*[1]

On March 16, 2012, Defendants filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. *See* Dkt. No. 39. In their motion, Defendants argued that (1) Defendant New York State and all named Defendants sued in their official capacities should be dismissed because of Eleventh Amendment sovereign immunity; (2) Plaintiff failed to allege that Defendants Cuomo and Bellamy were personally involved in the alleged unconstitutional conduct; (3) Plaintiff has failed to allege a plausible due process claim under the Fifth and Fourteenth Amendments; and (4) Defendants are entitled to qualified immunity on Plaintiff's claims regarding the creation and enforcement of the challenged DOCCS' dreadlock hair policy. *See* Dkt. No. 39-1.[2]

In a Report-Recommendation and Order dated October 23, 2012, Magistrate Judge Hummel recommended that the Court grant in part and deny in part Defendants' motion for judgment on the pleadings. *See* Dkt. No. 42. Specifically, Magistrate Judge Hummel first found

---

[1] For a complete summary of the relevant facts, the Court refers the parties to Magistrate Judge Hummel's October 23, 2012 Report-Recommendation and Order. *See* Dkt. No. 42.

[2] In the motion, Defendants note that they are seeking dismissal of all of Plaintiff's claims, except his claims of retaliation against Defendants Muller, Menard, and Farrell. *See* Dkt. No. 39-1 at n.1. Defendants note that, although they believe these claims to also be "spurious in nature," they will require reference to extrinsic evidence not appropriately considered on a motion to dismiss. *See id.*

2

that the Eleventh Amendment bars Plaintiff's claims against Defendant New York and the individual Defendants sued in their official capacities insofar as the complaint seeks monetary damages against them. *See id.* at 9-10. Similarly, Magistrate Judge Hummel found that Plaintiff's claims for monetary damages under RLUIPA against the individual Defendants sued in their individual capacities are barred by the Eleventh Amendment. *See id.* at 9 (citing cases). Moreover, the court held that, although Plaintiff's claims for injunctive relief seeking to enjoin an official to conform his or her conduct to constitutional requirements are not barred by the Eleventh Amendment, the claims are nevertheless moot because Plaintiff has been released from custody. *See id.* at 10-11.

Next, Magistrate Judge Hummel recommended that the Court find that although Plaintiff failed to allege Defendant Cuomo's personal involvement, he sufficiently alleged that Defendant Bellamy was involved in the grievance appeal to plausibly suggest that she was personally involved in the alleged unconstitutional conduct. *See id.* at 12-13. Next, Magistrate Judge Hummel recommended that the Court deny Defendants' motion as to Plaintiff's procedural due process claim relating to his keeplock confinement. *See id.* at 13-14. He noted that since Plaintiff alleged that he served more than a hundred days of keeplock confinement, which is over thirty days and carries Plaintiff's "confinement into the intermediate duration set forth by the Second Circuit, and [Plaintiff's] allegations were silent on the conditions of his confinement, a development of a detailed record of the conditions of his confinement is required." *See id.* at 14. Further, Magistrate Judge Hummel recommended that the Court dismiss Plaintiff's due process claims relating to his denial of an education and parole release.

Regarding Plaintiff's RLUIPA claims relating to the alleged denial of his right to participate in Islamic classes and religious services, Magistrate Judge Hummel noted that

although Plaintiff "does not articulate the nature of the classes, the number of times he was deprived of participating in religious services, and why or how the deprivation substantially burdened him, a properly pled complaint may state a plausible claim under the First Amendment." *See id.* at 16-18. As such, it was recommended that Plaintiff be permitted to amend his complaint as to this claim. *See id.* Finally, citing to a recent decision by Magistrate Judge Treece, the court found that Defendants are entitled to qualified immunity as to all claims regarding the creation or enforcement of the "dreadlock policy" "[b]ecause the law surrounding the wearing of dreadlocks by non-Rastafarians is unclear, 'a reasonable DOCS official would not have realized that his creation or enforcement of DOCS' hair policy was unlawful.'" *See id.* at 20 (quoting *Pilgrim v. Artus*, No. 9:07-CV-1001, 2010 WL 3724883 (N.D.N.Y. Mar. 18, 2010)).

Currently before the Court is Magistrate Judge Hummel's October 23, 2012 Report-Recommendation and Order, to which neither party objected.

## II. DISCUSSION

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471

F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[] complaint must be dismissed[,]" *id.* at 570.

In reviewing a *pro se* case, the court "must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Having reviewed Magistrate Judge Hummel's October 23, 2012 Report-Recommendation and Order, the parties' submissions and the applicable law, the Court finds that Magistrate Judge Hummel correctly recommended that Defendants' motion for judgment on the pleadings should be granted in part and denied in part. However, the Court notes that, in Magistrate Judge Hummel's Report-Recommendation and Order, in the section entitled "Conclusion," he incorrectly lists Plaintiff's "First Amendment free exercise claims . . . with respect to the denial of attending religious classes and services" as surviving claims. In the section discussing this claim, Magistrate Judge Hummel correctly determined that Plaintiff failed to allege sufficient facts regarding the alleged deprivations to state a plausible First Amendment free exercise claim. *See* Dkt. No. 42 at 17-18. As such, Magistrate Judge Hummel recommended that the Court dismiss this claim, but permit Plaintiff leave to file an amended complaint should he so desire. *See id.* at 18. The Court agrees with this finding and, even if the Court was required to conduct *de novo* review, it would accept this recommendation. *See Hamilton v. Fisher*, No. 9:10-CV-1066, 2012 WL 987374, *12 (N.D.N.Y. Feb. 29, 2012) (dismissing First Amendment claim where the plaintiff failed to allege sufficient facts, "such as the duration of the denial of a kosher diet, by which we could evaluate whether he states a claim upon which relief could be granted") (citations omitted). As such, the Court rejects this apparent scrivners error in the "Conclusion" section of Magistrate Judge Hummel's Report-Recommendation and Order and follows the recommendation in the substantive discussion of the case.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, Magistrate Judge Hummel's October 23, 2012 Report-Recommendation and Order, the parties' submissions and the applicable

law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Hummel's October 23, 2012 Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is **GRANTED in part and DENIED in part**;[3] and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on all parties in compliance with the Local Rules; and the Court further

**ORDERS** that all additional pre-trial matters are referred to Magistrate Judge Hummel.

**IT IS SO ORDERED.**

Dated: January 29, 2013
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

---

[3] As a result of this Decision and Order, the following claims remain: (1) Plaintiff's claims brought under the New York State Constitution and New York Correction Law, which were not addressed in Defendants' motion for judgment on the pleadings; (2) Plaintiff's First Amendment retaliation claim; and (3) Plaintiff's Fourteenth Amendment due process claim with respect to his keeplock confinement.

8